Case 1:03-cv-03035-MHS   Document 33   Filed 11/28/05   Page 1 of 4

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 2 8 2005

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EDDIE JOHNSON,<br>Plaintiff, | CIVIL ACTION NO.<br>1:03-CV-3035-MHS |
| v. | |
| FULTON COUNTY,<br>SHERIFF MYRON E. FREEMAN,<br>in his official capacity,<br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER

The Court previously allowed Plaintiff to proceed on his deliberate-indifference claim against Fulton County and Sheriff Myron E. Freeman. (Doc. No. 6, 16.) The case is now before the Court on Defendants' motion to compel discovery responses and extend the time for filing a motion for summary judgment (Doc. No. 29), motion to supplement the October 24, 2005, motion for summary judgment (Doc. No. 31, Br. in Supp. at 10), and Plaintiff's response to the motion to compel (Doc. No. 32).

Defendants state that (1) on August 4, 2005, they served Plaintiff with Defendants' Request for Production of Documents and Defendants' Interrogatories, (2) Plaintiff failed to respond, (3) on September 22, 2005, they served Plaintiff with notice that they would seek court intervention if Plaintiff did not respond, (4) Plaintiff inadequately responded to the interrogatories (providing many evasive and vague answers), and (5) Plaintiff has not responded to Defendants' Request for Production

AO 72A
(Rev.8/82)

of Documents. (Doc. No. 29, Br. in Supp. at 1-3.) Defendants ask the Court to compel a response from Plaintiff. (Id. at 4.) In response, Plaintiff complains regarding his ability to respond as a pro se prisoner and states that: he does not have access to all of his records; he has "cooperated with all [he] know[s];" the requested material should be on file with the County, Grady Hospital, or the Department of Corrections; and he is tired of being badgered by Defendants. (Doc. No. 32.)

Pro se prisoners who choose to litigate their claims in federal court are expected to comply with Federal Rules. See McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837-39 (11th Cir. 1989). The Federal Rules of Civil Procedure require a party to respond or object to properly served discovery requests. Fed. R. Civ. P. 33(b), 34(b). Specifically:

> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> (2) The answers are to be signed by the person making them, and the objections signed by the attorney [or pro se litigant] making them.
>
> (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. ....
>
> (4) All grounds for an objection to an interrogatory shall be stated with specificity.

AO 72A
(Rev.8/82)

Fed. R. Civ. P. 33(b).

> The party upon whom the request [for documents] is served shall serve a written response within 30 days after the service of the request. . . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Fed. R. Civ. P. 34(b). If a party fails to respond to a request under Rules 33 or 34, the party submitting the discovery request may move for an order under Fed. R. Civ. P. 37(a) to compel discovery.

It appears that Plaintiff has not responded to Defendants' document requests, and, although the record does not show the adequacy or inadequacy of Plaintiff's responses[1] to the interrogatories, it appears his responses may be inadequate.

Accordingly, **IT IS ORDERED** that the motion to compel discovery responses (Doc. No. 29) is hereby **GRANTED** and Plaintiff must, within thirty (30) days from the entry date of this order, (1) respond to Defendants' Request for Production of Documents and, (2) to the extent that Plaintiff's prior responses did not comply with Rule 33(b) cited above, provide further responses to Defendants' Interrogatories.

---

[1] Defendants attached copies of the discovery requests but did not attach a copy of Plaintiff's response to the interrogatories. (See Doc. No. 29, attachs.)

Plaintiff is cautioned that his pro se status does not excuse him from taking the time required to prepare a complete and proper response to each interrogatory and document request. Plaintiff is instructed that, although he is not required to provide answers that he does not know or provide documents that he does not have, he must: (1) respond as fully as possible to each interrogatory and document request, (2) clearly explain why any of his responses are limited, and (3) clearly state any objection that he has to responding to a particular request. See Fed. R. Civ. P. 33(b), 34(b).

**IT IS FURTHER ORDERED** that Defendants' motion to extend the time for filing a motion for summary judgment (Doc. No. 29) and motion to supplement the October 24, 2005, motion for summary judgment (Doc. No. 31, Br. in Supp. at 10) are **GRANTED** in that Defendants shall have thirty (30) additional days from the service of Plaintiff's response to Defendants' discovery requests.

**IT IS SO ORDERED**, this 23 day of Nov, 2005.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)